STATE of Utah, Plaintiff and Respondent,

v.

Reggie Lyndon JONES, Defendant and Appellant.

No. 15450.

Supreme Court of Utah.

June 6, 1978.

Marlynn B. Lema, Price, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant Reggie L. Jones appeals from his conviction by a jury of possession of marijuana.[1] He was sentenced to five years in prison, with the sentence to be suspended on condition that he participate in a probation and rehabilitation program at Halfway House in Salt Lake City.

Defendant contends that the trial court committed error in (1) its denial of his motion to suppress the seized marijuana because there had been no justification for the issuance of a warrant for the search of defendant's residence; (2) refusing to allow cross examination of a witness for the state regarding his prior conviction of crime which conviction had been expunged.

On January 21, 1977, Everett Johnson, a narcotics enforcement officer, went to a magistrate to procure a search warrant. He swore to an affidavit stating that based upon information from three separate sources he had knowledge that the defendant was cultivating and/or selling marijuana. It described the defendant's residence as a white over blue trailer with a certain license number, located near the Mountaineer Club in Wellington.

1. Sec. 58–37–8(1)(a)(i), U.C.A., 1953.

That the affidavit met the requirements of giving sufficient facts concerning the presence of evidence of crime and of describing the place with reasonable particularity,[2] is so obvious as to hardly justify comment on defendant's contention to the contrary.[3]

Defendant's other claim of error relates to the court's refusal to permit impeachment of one Barry Becker, who was called as a state's witness at the hearing on the motion to suppress the evidence. On questioning it was brought out that he had previously been a police officer in San Jose, California, and he admitted that he had been discharged and had been convicted of providing false information to the police. But he had served a probationary period, consequent to which the record of his crime had been expunged as permitted by California law.[4] Thereupon, the trial court sustained the prosecutor's objection and refused to allow further questioning on that matter. We do not deal with the question of the propriety of impeaching a witness for conviction of that particular offense, if it had not been expunged.[5] The question here confronted is as to the effect of the expungement.

It is the prerogative of the legislature to prescribe what shall be the penalties and burdens for the commission of crime, as well as for any amelioration thereof.[6] It has provided that under certain circumstances convictions for crime may be expunged;[7] and it further provides that when that is accomplished:

> Upon the entry of the order in those proceedings, the petitioner shall be deemed judicially pardoned and the petitioner may thereafter respond to any inquiries relating to convictions of crimes as though that conviction never occurred.[8]

The purpose of that statute is obvious and its intent is clearly stated: that even after a person is convicted of a crime, in appropriate circumstances he may comply with prescribed procedures which shall have the effect of a judicial pardon; and that thereafter he may respond to any inquiry concerning his record as though that conviction had never occurred.[9] What was done in this case is in conformity with the express provisions of that statute; and therefore no error was committed in that procedure.

Affirmed. No costs awarded.

ELLETT, C. J., and HALL and WILKINS, JJ., concur.

MAUGHAN, J., concurs in result.

---

2. Sec. 77–54–7, U.C.A., 1953.

3. The affidavit contained sufficient facts such that a neutral and detached magistrate could independently make a determination that probable cause existed to believe that there was marijuana at the defendant's residence.

4. California has an expungement statute similar to our own in parts material here, and we assume that the laws of sister states are the same as our own unless the contrary is shown; See California Penal Code Ann. (West) Sec. 1203.4, 1978.

5. Sec. 78–24–9, U.C.A., 1953; Rule 21 Utah Rules of Evidence.

6. 21 Am.Jur.2d, Criminal Law, Section 577.

7. See Sec. 77–35–17.5 which in part states "Any person who has been convicted of any crime within this state may petition the convicting court for a judicial pardon and for the expungement of his record in that court."

8. Sec. 77–35–17.5(1)(c), U.C.A., 1953.

